IN THE UNTIED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

CIVIL ACTION NO. 2:07cv288-W
( by clerk )

RECEIVED
2007 APR -5  A 9: 23
LEURA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

MARSHALL COIS KNOP,
ROYCE PRIVETT,
PLAINTIFF'S

VS.

STATE OF ALABAMA,
DEFENDANTS.

---

MOTION OF THREE JUDGE DISTRICT COURT
AND COMPLAINT FOR INJUNCTION AND
DECLARATORY RELIEF

---

MARSHALL C KNOP, 154140
ROYCE PRIVETT, 180223
SOUTH LOUISIANA CORRECTIONAL FACILITY
3843 STAGG AVE.
BASILE LOUISIANA, 70515

ALABAMA ATTORNEY GENERAL
11 SOUTH UNION STREET
MONTGOMERY ALABAMA, 36130
DEFENDANTS.

1

IN THE UNTIED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

CIVIL ACTION NO. 2:07CV 288-W
( by clerk )

MARSHALL C KNOP,
ROYCE PRIVETT,
PLAINTIFFS

VS.

STATE OF ALABAMA,
DEFENDANTS.

## COMPLAINT

Comes now the plaintiffs, in the above styled cause, and pursuant to 28 U.S.C. § 2281, and § 255.5 and 266 of the Judicial code, 36, Statute 1162, and 28 U.S.C. § 2201, 2202, and Rule 57 of the Federal Rules of civil Procedure and moves this Court for a declaration that The Alabama Supreme Court's decision in Ex Parte Seymour, 2006 Ala. Lexis 135, 2006, 1050597, June 30, 2006, violates the fifth and fourteenth amendments of the United States Constitution, and the plaintiff's seek an injunction enjoining the State of Alabama form application of said decision to any case or crime committed prior to June 30, 2006.

2

## **PARTIES**

1. Plaintiff Marshall Knop, AIS A154140, is an Alabama State prisoner currently housed at South Louisiana Correctional Center, Basile, Louisiana, 70515, subject to the authority of the Alabama Dept. of Corrections.

2. Plaintiff Royce PRIVETT, AIS A181935, is an Alabama State prisoner currently housed at South Louisiana Correctional Center, Basile, Louisiana, 70515, subject to the authority of the Alabama Dept. of Corrections.

3. Defendant, Troy King is the Attorney General for the state of Alabama.

4. Defendant, The Alabama Supreme Court.

### **Jurisdiction**

This court has jurisdiction to entertain this petition for a three Judge District Court under § 255.5, and 266 of Judicial code 36, Statute 1162, and Article III of the United States Constitution, and 28 U.S.C. § 1331 (a), 1343(4) and this court has jurisdiction to grant an injunction under 28 U.S.C. § 2281, and declaratory relief under 28 U.S.C. § 2201, 2202, and Rule 57 of the Federal Rules of Civil Procedure.

### **VENUE**

Venue in this court is proper because the office of he defendants are located at 11 south union street Montgomery, Al., 36130, and 300 Dexter Ave. Montgomery Al., and this is where the violation occurred.

## COMPLAINT

Prior to June 30, 2006, Article 1 § 8, of the Alabama Constitution guarantees a person in Alabama that he could not be proceeded against criminally for an indictable offence in the absence of an indictment. See *Ash v. State*, 843 So. 2d 213 (Ala. 2002) "in the absence of an valid indictment a trial court is without authority to try, convict, or to sentence a defendant in a contested criminal case." see also *Batey v. State*, 755 So. 2d 593 (Ala. Crm. App. 1999) and, *Butler v. State*, 130 Ala. 127, 30 So. 338 (1901). The guarantee of Article 1 § 8, of the Alabama Constitution is the same guarantee found in the fifth amendment of the Federal Constitution which states in part "no person shall for any capital or infamous crime be proceeded against except by presentation form the grand jury". Because Article 1 § 8 of the Alabama Constitution provides the same protection as the fifth amendment, due process and equal protection of the fourteenth amendment makes the fifth amendment applicable to the State of Alabama. In *Shaw v. Garrison*, 467 F. 2d 113, 120 (5th cir) the court stated, "a safeguard so fundamental to criminal due process is incorporated by the fourteenth amendment." on June 30, 2006, in *Ex Part Seymour*, 2006, Ala. Lexis 135, 1050597, June 30, 2006, The Alabama Supreme Court held, "that a circuit court has subject-matter jurisdiction over a felony even if the indictment is fatal, and all conflicting cases of Alabama that have held to the contrary are over-ruled." The court in reaching this decision relied on *Lamar v. United States* 240 US 60, 36 S. Ct. 255 (1916), "the objection that an indictment does not charge an offence... goes only to the merits", and *United States v. Cotton*, 535 U.S. 625, 122 S. Ct. 1781, 152 Led. 2d 860,(2002), Subject matter jurisdiction refers to a courts statutory or constitutional power to adjudicate a case." The court then somehow surmised that a circuit court of Alabama derives its subject matter jurisdiction form the Alabama Constitution amendment no: 328 § 6.04(b) "The circuit court shall have

4

general jurisdiction in all cases, "except as may be otherwise provided by law," and § 12-11-30, Code of Alabama, 1975, the circuit court shall have exclusive or "original" jurisdiction of all felony prosecutions." The plaintiff contends that the court's reliance on these sections of the Alabama Constitution and the Alabama Code are woefully misplaced, neither of the quoted sections contain the "**subject matter jurisdiction**" requirement of Article 1 § 8 of the Alabama Constitution and the fifth amendment requirement of an indictment. The plaintiff's contend that The Alabama Supreme Court has failed to view the facts that it cannot through judicial construction "**overthrow**" either the guarantees of the fifth amendment or that of Article 1 § 8 of the Alabama Constitution. In _**United States v. Bobo**_, 344 F. 3d 1076, (11th cir. 2003) where the court held, "where the scheme to defraud alleged is not sufficient to state an offence we conclude the district court erred in failing to dismiss the indictment." the Bobo Court also quoted with approval, _**Russell v. United States**_, 369 U.S. 749, 763, 82 S. Ct. 1038, 8 Led. 2d 240 (1962) "for an indictment to be valid it must contain the elements of the offence intended to be charged". see also _**United States v. Sanchez**_, 269 F. 3d 1250 (11th cir. 2001) The Alabama Supreme Court went as far as to state that "the validity of the indictment is irrelevant to whether the circuit court had subject-matter of the case. The plaintiff contends that this is an absolutely absurd proposition of not only state law and Constitutional law of Alabama, but, it is no more than an act of tyranny through judicial construction that is violate of the fifth and fourteenth amendments of the Federal Constitution, and even if underlying basis of this complaint involves a judicial construction of state law, which implicates an implied repeal of Federal Constitutional rights are such an act required to be heard by district court of three judges under Article III of the U.S. Constitution. See Florida Lime & Avocado Growers, Inc. v. Paul, 373 U.S. 132, 135, 83 S. Ct. 1210, 1214, 10 L. Ed. 2d 248 and, when all is said and done, the power and duty of the courts

to declare laws unconstitutional are in final analysis derived from its responsibility for resolving concrete disputes brought before the court for decision, a statute apparently governs a dispute cannot be applied by judges consistently with

Their operation under the Supremacy Clause when such operation would conflict with the Constitution. See Courts § 96. The plaintiff's further contends application of *Seymour* to final convictions prior to June 30, 2006 would violate ex post facto. see *STATE ex rel. DALLY v. WOODALL et al.*, (SUPREME COURT OF ALABAMA, 225 Ala 178; 142 So 838 ; 1932 ; June 9, 1932, Decided)

The power by legislative agents to make rules is an administrative function or discretion, and can be justified only in the right to make reasonable rules to limit and regulate the future conduct of those observing or coming in conflict therewith (Whaley v. State, 168 Ala. 152, 52 So. 941, 30 L.R.A. [N. S.] 499; Birmingham R., L. & P. Co. v. Kyser, 203 Ala. 121, 82 So. 151), and not in the giving of retroactive or ex post facto effect. See authorities in Lehmann v. State Board of Public Accountancy, 208 Ala. 185, 194, 94 So. 94.

See also:    *Ex parte Spencer Owen Ziglar*, 604 So 2d 384,   (Ala 1992); *Owen Lamar Cooper, Sr. v. State*, 612 So 2d 1251, (Ala Crm App 1992); *Eleanor I. Brooks v. Alabama State Bar*, 574 So 2d 33 ; (Ala 1990).

## PRAYER

Wherefore, plaintiff prays this Honorable Court to empanel three judges under Article III of the U.S. Constitution, and to issue an injunction enjoining the defendant's form enforcement of Ex Parte Seymour, particularly to connections final before June 30, 2006, and any and all other relief appropriate.

Done this 31 day of March 2007   *Marshall C. Knop*
                                  Marshall Cois Knop

Done this 31 day of March 2007   *Royce Privett*
                                  Royce Privett

6

# CERTIFICATE OF SERVICE

We hereby certify that we have served a true and correct copy of the foregoing upon the defendants by placing the same in the prison mailbox, U.s. mail, first class, postage pre-paid and addressed to Alabama supreme court, 300 Dexter Ave. Montgomery, Alabama, 36104, and attorney general of Alabama, 11 south union street, Montgomery, Alabama 36130, on this 31 day of March, 2007.

Done this 31 day of March 2007 __Marshall C. Knop__
                                            Marshall Cois Knop,

Done this 31 day of March 2007 __Royce Privett__
                                            Royce Privett

*Served upon:*

Alabama Supreme Court
300 Dexter Ave.
Montgomery, Alabama, 36104

Attorney General of Alabama
11 south union street
Montgomery, Alabama 36130

Office of the clerk
United States District Court
P.O. Box 711
Montgomery, Al. 36101-0711

Marshall C. Knop
AIS 154140
Wolf 1 Bed 58
3843 Stagg Ave
Basile LA. 70515

OFFICE OF THE CLERK
UNITED STATES DISTRICT Cou
P.O. Box 711
Montgomery Alabama
36101-07






U.S. POSTAGE
BASILE, LA
705:15
APR 03 '07
AMOUNT
$0.00
36101-0711